PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to standard jury instruction 28.1(a), Driving Under the Influence Causing Property Damage or Injury, and asks that the Court approve the amended standard instruction. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On February 26, 2009, the Court authorized for use and publication new criminal jury instruction 28.1(a), in addition to numerous other instructions. In re Standard Jury Instructions in Criminal Cases—Report No. 2008-08, 6 So.3d 574 (Fla.2009).[1] The Committee filed a new report on June 1, 2009, requesting that the Court further amend instruction 28.1(a) and expedite the case. We granted the motion to expedite and, as discussed below, authorize instruction 28.1(a) for publication and use as requested by the Committee in report number 2009-03.
As submitted by the Committee to the Court in report number 2008-08, proposed instruction 28.1(a) did not include the presumption of impairment established by section 316.1934(2)(c), Florida Statutes (2008). That presumption, previously approved by the Committee for inclusion in report number 2008-08 and now proposed as an amendment to instruction 28.1(a) by the Committee, provides as follows:
If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
Accordingly, we correct the Committee’s inadvertent exclusion of the presumption of impairment under section 316.1934(2)(c) from its prior submission.
In authorizing the publication and use of instruction 28.1(a) as set forth in the appendix to this opinion, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting thfe legal correctness of the instruction. We further caution all interested parties that any notes and comments associated with the instruction reflects only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining. The instruction as set forth *524 in the appendix[2] shall be effective when this opinion becomes final. However, because the Court did not publish this amendment for comment prior to its authorization for publication and use, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
28.1(a) DRIVING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
§ 316.193(3)(a)(b)(c)l, Fla. Stat.
To prove the crime of Driving- under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) drove or was in actual physical control of a vehicle.
2. While driving or in actual physical control of the vehicle, (defendant)

Give 2a or b or both as applicable.

a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
3. As a result of operating the vehicle, (defendant) caused or contributed to causing [damage to the property of (victim) ] [injury to the person of (victim) ].

Give if applicable. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)

If you find the defendant guilty of Driving under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:
a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.
*525 b. the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the driving under the influence.

Definitions. Give as applicable.

Vehicle is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
Actual physical control of a vehicle means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.
(_) is a controlled substance under Florida law. Ch. 893, Fla. Stat.
(__.) is a chemical substance under Florida law. § 877.111(1), Fla. Stat.

When appropriate, give one or more of the following instructions on the presumptions of impairment established by § 316.193f(2)(a), (2)(b), and (2)(c), Fla. Stat.

1.If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
3. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

*526
Defense of inoperability; give if applicable.

It is a defense to the charge of Driving under the Influence Causing [Property Damage] [Injury] if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.
Lesser Included Offenses
DRIVING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY— _316.193(3)(a)(b)(e)l_
CATEGORY CATEGORY FLA._INI&
ONE TWO STAT. NO.
DUI_316.193(1) 28.1
Attempt_777.04(1) 5.1
Comment
This instruction was adopted in 2009, In re Standard Jury Instructions in Criminal Cases-Report No. 2008-08, 6 So.3d 574 (Fla.2009), and amended in 2009.

. A corrected opinion was issued on April 30, 2009, which addressed minor grammatical issues.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury — instructions/ inslructions.shlml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

. An original and nine paper copies of all comments must be filed with the Court on or before September 7, 2009, with a certificate of service verifying that a copy has been served on the Committee Chair, The Honorable Lisa T. Munyon, C/O Les Garringer, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until September 28, 2009, to file a response to any comments filed by interested persons with the Court. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla.Sup.Ct.).