ALTENBERND, Acting Chief Judge.
Ernest J. King appeals a 30-year habitual felony offender sentence imposed after he was found guilty of a lewd and lascivious act in the presence of a child, a violation of section 800.04(4), Florida Statutes (1997). We reverse the sentence because a presumption exists that the sentence, though lawful in its duration, was vindictive due to the trial court’s statements. We remand the case for resentencing by a different circuit court judge.
On August 9, 1998, Mr. King was arrested for committing a lewd and lascivious act in the presence of a 15-year-old boy in Hillsborough County. At the time Mr. King was arrested, he was on probation for an earlier lewd and lascivious conviction. The State offered Mr. King a 15-year prison releasee reoffender sentence in exchange for a guilty plea. This 15-year sentence would run concurrently with any sentence imposed for several probation violations Mr. King had outstanding, including a violation based upon this new offense. The 15-year sentence would be in lieu of a habitual felony offender sentence for which Mr. King would otherwise qualify. Mr. King rejected the State’s offer and elected to go to trial. He was convicted as charged after a jury trial.
After the jury returned its verdict, the parties and the court discussed the various sentencing alternatives available to the court. The court indicated its willingness to immediately sentence Mr. King to 15 years as a prison releasee reoffender in accordance with the State’s original plea offer. Defense counsel advised the court that Mr. King would not stipulate to any prior offenses, would not waive his right to a presentence investigation, and would be filing a motion challenging the constitutionality of the prison releasee reoffender statute. The court responded:
If you want to file all of those, that’s fine and dandy. I’ll order a presentence investigation. You [the assistant state attorney] get prepared with the fingerprints and don’t expect them to stipulate to anything. Be ready to prove it up. Get the certified convictions.
[[Image here]]
And you can proceed on the habitual felony offender also. So now he’s looking at a maximum of thirty years on the charges for which he’s just been convicted if he’s found to be a habitual felony offender instead of the fifteen I was willing to give him today, but if you [defense counsel] want to file those motions, you go right ahead.
[[Image here]]
If you want to reconsider having some of that heard, you might save us all a lot of time.
A presentence investigation was completed and a sentencing hearing was held. At this hearing, a fingerprint expert testified and defense counsel presented arguments against the constitutionality of the prison releasee reoffender statute. The State presented evidence showing Mr. King qualified as both a prison releasee reoffender and a habitual felony offender. Mr. King addressed the court and stated that he had wanted to take the State’s initial 15-year offer, but his attorneys did not “back [him] on it.” At this point, Mr. King’s counsel explained that she initially had some concerns with the prison releas-ee reoffender statute and advised Mr. King not to accept the plea offer. However, after further consultation with senior attorneys in her office, she realized the prison releasee reoffender sentence would actually be beneficial to Mr. King. Defense *693 counsel indicated that she was unable to schedule a streamlined sentencing hearing where Mr. King could accept the State’s offer, avoiding the need for a fingerprint expert or other evidence. The court then stated:
That’s why you’re the lawyer. You’ve got to make fast decisions. You’ve got to be able to figure out what’s in your client’s benefit when its offered, instead of wasting everybody’s time. Well, now we’ve waited [sic] everybody’s time.
The court proceeded to sentence Mr. King as a habitual felony offender to 30 years in prison.
The sentence imposed is a lawful sentence. Mr. King qualifies as a prison re-leasee reoffender and a habitual felony offender. But for the trial judge’s comments, we would affirm this sentence. The comments made by the trial judge, however, followed by the sentence imposed in light of those comments, raise a presumption that the sentence was vindictive in nature. For reasons similar to those set out in Jones v. State, 750 So.2d 709 (Fla. 2d DCA 2000), we must vacate the sentence and remand for resentencing by a different trial judge.
The trial judge did not actually participate in the plea negotiations prior to trial. It appears that the presentence investigation uncovered additional offenses of which the trial judge was unaware. Thus, we do not remand with directions for the trial court to impose any particular sentence as we did in McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999). Rather, the new sentencing judge may impose any lawful sentence.
Sentence reversed and case remanded for resentencing.
BLUE, J., and SCHEB, JOHN M., (Senior) Judge, Concur.