STRINGER, Judge.
Ernest King challenges his sentences in two cases: 98-14136 and 94-12049. Both cases arose from King’s conviction for lewd and lascivious conduct, a second-degree felony. See § 800.04(6)(b), Fla. Stat. (1997), (1993). This court reversed King’s original sentence in the 1998 case, upon finding it vindictive, and remanded for re-sentencing by another judge. King v. State, 751 So.2d 691 (Fla. 2d DCA 2000). On remand King was resentenced to thirty years as a prison releasee reoffender (PRR) and habitual felony offender (HFO) in the 1998 case and to eighty-seven months as a PRR and HFO in the 1994 ease.
After being resentenced, King filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), seeking to correct the sentences in both cases. As to the 1998 case, King correctly argued that the maximum PRR sentence for second-degree felonies is fifteen years, rather than thirty. He also argued that, with regard to the sentence imposed on remand in case no. 94-12049, the court erred in resentencing him at all since this court only reversed his sentence in the 1998 case. King argued that the court further erred in imposing PRR sanctions in his 1994 case because this enhancement statute was not in effect until 1997. The trial court granted King’s motion, in part, and reinstated the original sentence imposed in the 1994 case. However, the court did not correct the thirty-year PRR sentence imposed in the 1998 case.
Because section 775.083(9)(a)(3)(c), Florida Statutes (1997), provides a PRR sentence of only fifteen years for second-degree felonies, we remand with directions to reduce the term of King’s PRR sanction to fifteen years in the 1998 case.
Affirmed in part, reversed in part, and remanded with directions.
DAVIS, J., and SCHEB, JOHN M., Senior Judge, Concur.