PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard criminal jury instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On December 22, 2010, the Committee filed its report proposing amendments to the standard criminal jury instructions.[1] The majority of the Committee’s proposals derive from recommendations by Committee members based upon changes in statutory and decisional law.[2]
Having considered the Committee’s report, we hereby authorize the publication and use of the following instructions as proposed by the Committee: 3.8(a) — Evidence of Other Crimes, Wrongs, or Acts; 13.3 — Trespass in a Structure or Convey- *680 anee; 16.4(a) — Contributing to Child Dependency, Person 21 or Older Impregnating Child Under 16; 24.6 — Prohibition of Certain Acts in Connection with Obscene Materials; Promoting or Performing; 28.14-28.17 — Boating Under the Influence; and 29.14 — Taking Deer/Wild Turkey with Gun and Light.
The Court also authorizes for publication and use instruction 2.13, Questions by Jurors, as proposed by the Committee but with the following modification.[3] Instruction 2.13, in addition to the Committee’s proposed amendment, is further amended to include the following sentence: “If your question[s] is [are] not asked, you must not discuss it with other jurors or hold it against either party.” This modification to the Committee’s proposal is consistent with Florida Rule of Criminal Procedure 3.371, Juror Questions of Witnesses, which provides in pertinent part:
(b) Procedure. The trial judge shall utilize the following procedure if a juror indicates that the juror wishes to ask a question: ... (5) the jury must be advised that if a question submitted by a juror is not allowed for any reason, the juror must not discuss it with the other jurors and must not hold it against either party.
Fla. R.Crim. P. 3.371(b)(5).
Lastly, on the Court’s own motion, instruction 3.10, Rules for Deliberation, is amended to also include a paragraph to be given when a juror’s question was not asked of a witness.[4]
In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.[5]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
2.13 QUESTIONS BY JURORS

Note to Judge.

To be given if the Judge decides to permit.jury questions.

*681
To be given if a juror(s)-indicates that ihe-yu/ror-ivishes-be-aska-qnestion:

During the trial, you will be permitted to ask questions of witnesses in case you missed something, you did not understand something, or you need to clarify a pertinent issue.
The rules of evidence apply regardless of whether a question is asked by the attorneys, by me or by you. Therefore, there may be a legal reason why I will not ask your question. If I do not ask your question, you must not hold that against any of the parties, you must not discuss it with the other jurors, and please do not take it personally.
Subject to that understanding, this is how we will proceed: (Two possible procedures are outlined below. Give only one. The second alternative is designed to ensure anonymity).
1) When the attorneys have finished asking their questions, please raise your hand to get my attention. I will give you time to write your question[s] on a clean piece of paper and give the paper to the [bailiff] [court deputy]. I will then confer privately with the attorneys. If I ask your question[s], the witness will answer and the attorneys may follow up if they choose. The questioning of witnesses is the primary responsibility of the attorneys. If your question[s] is [are] not asked, you must not discuss it with other jurors or hold it against either party. You are not obligated to ask any questions, but if it will help your understanding of the case, you may do so.
2) When the attorneys have finished asking their questions, I will ask each of you to write something down on a clean piece of paper. If you do not have a question, please write — “no questions.” If you have [a] question[s], please write the questions] on the paper. Please do not put your name on the paper because I do not want anyone to know which juror is submitting a question. Please then fold the paper in half and give it to the [court deputy][bailiff]. I will then confer privately with the attorneys. If I ask the question^], the witness will answer and the attorneys may follow up if they choose. The questioning of witnesses is the primary responsibility of the attorneys. If your questions] is [are] not asked, you must not discuss it with other jurors or hold it against either party. You are not obligated to ask any questions, but if it will help your understanding of the case, you may do so.
A juror- has indicated that the juror wishes to ask a question-of the witness. After the attorneys have-completed-their questioning of the witness,-1 will — give sufficient-time for the juror to write the question on the paper-which you-have been provided, fold it and give it to the bailiff, who-will pass-it-to me. Please do not show — your- question-to anyone-or discuss it with anyone.
I will-then review-the question with the attorneys. — Under our-law, only-certain evidence may be -considered by a jury in determining-a verdict. — You are bound by-the same rules of evidence and procedure — that.control—the attorneys’ questions- If I decide-that a question majr not be asked under our rules of evidence-or procedure,-I will tell you. *682 Otherwise» I will direct-the question to the witness, — The attorneys may ask-fol-Iow-up-questions,
Comment
This instruction was adopted in 2007 [SC05-1091] and amended in 2011.
3.8(a) EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS “WILLIAMS RULE”
§ 90.404(2)(a) Fla. Stat.

To be given at the close of evidence, if applicable.

The evidence which has been admitted to show other crimes, wrongs, or acts allegedly committed by the defendant will be considered by you only as that evidence relates to proof of [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident] on the part of the defendant.
The defendant cannot be convicted for a crime, wrong, or act that is not included in the [information] [indictment].
Comments
See § 90.404(2)(b) Fla. Stat., effective July 1, 2001, in child molestation cases.
This instruction was adopted in 1981 and was amended in 2000 [765 So.2d 692], and 2007 [SC07-325, Corrected Opinion, August 30, 2007] and 2011.
3.10 RULES FOR DELIBERATION
These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful verdict:
1.You must follow the law as it is set out in these instructions. If you fail to follow the law, your verdict will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.
2. This case must be decided only upon the evidence that you have heard from the testimony of the witnesses [and have seen in the form of the exhibits in evidence] and these instructions.
3. This case must not be decided for or against anyone because you feel sorry for anyone, or are angry at anyone.
4. Remember, the lawyers are not on trial. Your feelings about them should not influence your decision in this case.

When the jm~y is to be involved in a penalty phase, omit the second sentence of paragraph 5.

5. Your duty is to determine if the defendant has been proven guilty or not, in accord with the law. It is the judge’s job to determine a proper sentence if the defendant is found guilty.
6. Whatever verdict you render must be unanimous, that is, each juror must agree to the same verdict.

Give 7 if applicable.

7. It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about [his] [her] testimony.

Give 8 if applicable.

8. The jury is not to discuss any questions] that [a juror] [jurors] wrote that was [were] not asked by the court, and must not hold that against either party.
89. Your verdict should not be influenced by feelings of prejudice, *683 bias, or sympathy. Your verdict must be based on the evidence, and on the law contained in these instructions.
Comment
This instruction was adopted in 1981 and was amended in 1995, and September 2005, and 2011.
13.3 TRESPASS — IN STRUCTURE OR CONVEYANCE
§ 810.08, Fla. Stat.
To prove the crime of Trespass in a [Structure] [Conveyance], the State must prove the following three elements beyond a reasonable doubt:

Give a. for trespass and/or b. for trespass after warning to depart.

a._1. (Defendant) [willfully [entered] or [remained in] a [structure] [conveyance]. (structure or conveyance alleged) ]. [having been [authorized] [licensed] [invited] -to [enter] [remain in] the (structure or conveyance alleged), willfully refused to depart after-having been warned by [owner] [lessee] [ (person"authorized by the owner or lessee alleged) ] to depart],
2. The [structure] [conveyance] (structure or conveyance alleged) was in the lawful possession of (person alleged).
3. (Defendant’s) [entering] [remaining--in] the property was without the permission, — express—or implied, of (person alleged) or any other person authorized to give that permission,(Defendant’s) entering or remaining in the [structure] [conveyance] was without authorization, license, or invitation by (person alleged) or any other person authorized to give that permission.
b. 1. (Defendant) had been authorized, licensed, or invited to enter or remain in a [structure] [conveyance],
2. [The owner] [The lessee] [A person authorized by the owner or lessee] of the premises warned (defendant) to depart.
3. (Defendant) refused to depart. Authority to [enter][or remain in] a
[structure] or [conveyance] need not be given in express words. It may be implied from the circumstances. It is lawful to [enter][or remain in]a [structure] or [conveyance] of another if, under all the circumstances, a reasonable person would believe that [he] [she] had the permission of the owner or occupant.

Definitions. Give as applicable.

S 810.08(3) Fla. Stat.

“Person authorized” means an owner or lessee, or his or her agent, or any law enforcement officer whose department has received written authorization from the owner or lessee, or his or her agent, to communicate an order to depart the property in case of a threat to public safety or welfare.
“Willfully” means intentionally, knowingly, and purposely.

§ 810.011(1), Fla. Stat. and State v. Hamilton, 660 So.2d 1038 (Fla.1995). Gim if-applicable.

“Structure” means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure.

§ 810.011(3), FlaStat. Give if applica-

*684 “Conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.
Enhanced penalty. — Give-if-cepplicable-
The punishment provided-by law-for the crime of trespass in — a—[structure] [conveyance] is greater-if-the-trespass-is committed — under certain aggravating circumstances. — Therefore, if you find the defendant guilty of — trespass in a [structure-Hconveyance], you must then consider — whether-the-State has further proved those circumstances.

While amed.

If you find the defendant guilty of trespass in a a [structure] [conveyance], you must then determine whether the State proved beyond a reasonable doubt that If you-find that during-the trespass the defendant was armed or armed [himself] [herself] with a firearm or other dangerous weapon during the trespass.,you should find [him][-her] guilty of trespass-in a- [structure] [conveyance] while armed.

Human being in structure or conveyance.

If you find the defendant guilty of [attempted] trespass in a [structure] [conveyance], you must then determine whether the State proved beyond a reasonable doubt that If you find that at the time-of the trespass there was a human being in the [structure] [convey-anee] at the time of the [attempted] trespass., you should find [him][her] guilty of trespass in-a [structure] [conveyance] with a human being in the [skateture] [conveyance].
With no aggravating-circumstances,
If you find that-the defendant committed the trespass-in-a [structure] [conveyance] without any aggravating--circumstanceS) you should find [him] [her] guilty only of trespass in a [structure] [conveyance],

§ 790.001(6), Fla.JStat. Give if applicable.

A “firearm” is legally defined-as-any weapon, including a starter gun, which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.] (adapt-from § 790.001, FIa.Stat., as — required—by—the—allegations-).—See § 790.001(1) Fla. Stat. for the definition of “antique firearm’’ and, § 790.001(1.) Fla. Stat. for the definition of “destructive device. ”
A “dangerous weapon” is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
Lesser Included Offenses
TRESPASS IN STRUCTURE OR CONVEYANCE — 810.08
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt (except 777.04(1) 5.1 refuse to depart)
*685 Comment
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], and 2011.
13.4 TRESPASS — ON PROPERTY OTHER THAN A STRUCTURE OR CONVEYANCE
§ 810.09(l)(a)l and 2, Fla. Stat.
To prove the crime of Trespass on Property other than a Structure or Conveyance, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) willfully [entered][upon or remained in] property other than a structure or conveyance. (property alleged-)?
2. The property was [owned by] [in the lawful possession of] (person alleged).
3. Notice not to [enter upon] [remain in] that-property — had been-given by:
{actual communication to the defendant],
{■[■posting] [fencing] — [cultivation]—of the property],

Give one of the following paragraphs, as applicable.

Give if§ 810.09(l)(a)l is charged.

Notice not to enter upon or remain in that property had been given by [[actual communication to the defendant] [[posting] [fencing] [cultivation] of the property in the manner defined in this instruction]].

Give jf§ 810.09(l)(a)2 is charged.

The property was the unenclosed cur-tilage of a dwelling and (defendant) entered or remained with the intent to commit a crime thereon other than trespass.
4. (Defendant’s) — [entering]—[remaining in] the property-was without the permission, express or implied, of (per son alleged) or any other person-author-i*ed — to—give—that—permission,(Defendant’s) entering upon or remaining in the property was without authorization, license, or invitation from (person alleged) or any other person authorized to give that permission.
Authority to [enter upon or][remain in] property need not be given in express words. It may be implied from the circumstances. It is lawful to [enter upon or][remain in] the property of another if, under all the circumstances, a reasonable person would believe that [he] [she] had the permission of the owner or occupant.

Definitions.

§ 810.011(1) Fla. Stat. and State v. Hamilton, 660 So.2d 1038 (Fla.1995).

“Structure” means a building of any kind, either temporary or permanent, which has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding it.

§ 810.011(3) Fla. Stat.

“Conveyance” means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car; and “to enter a conveyance” includes taking apart any portion of the conveyance.

§ 810.09(3) Fla. Stat.

“Person authorized” means any owner, his or her agent, or a community association authorized as an agent for the owner, or any law enforcement officer whose department has received written authorization from the owner, his or her agent, or a community association authorized as an agent for the owner, to communicate an order to leave the property in the case of a threat to public safety or welfare.

*686
§ 810.09(l)(b) Fla. Stat.

“Unenclosed curtilage of a dwelling” means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.

§ 810.011(2) Fla. Stat.

“Dwelling” means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night.
“Willfully” means intentionally, knowingly, and purposely.

§ 810.011(5)(a)l. and (b), FlaStat. Give if applicable.

Notice not to enter upon property may be given by posting The phrase- “posted land — is legally-defined-as land upon which signs are placed not more than 500 feet apart along and at each corner of the property’s boundaries. The signs themselves must prominently state, in letters not less than two inches high, the words “No Trespassing.” The signs also must state, with smaller letters being acceptable, the name of the owner or lessee or occupant of the land. The signs must be placed so as to be clearly noticeable from outside the boundary lines and corners of the property. [If the property is less than five acres in area, and a dwelling house is located on it, it should be treated as posted land even though no signs have been erected.]

§ 810.011(6), FlaStat. Give if applicable.

Notice not to enter property may be given by cultivation of the property. The phrase “Cultivated land” is legally 4efined-as-Iand that has been cleared of its natural vegetation, and at the time of the trespass was planted with trees, a crop, an orchard or a grove, or was a pasture. [Fallow land, left that way as part of a crop rotation, would is also be “cultivated land.”]

§ 810.011(7), FlaStat. Give if applicable.

Notice not to enter property may be given by fencing the property. The phrase “Fenced land” is legally defined as land that has been enclosed by a fence of substantial construction. The fence may be made from rails, logs, posts and railings, iron, steel, barbed wire or other wire or material. The fence must stand at least three feet high. [If a part of the boundary of a piece of property is formed by water, that part should be treated as legally fenced land.]

Give if applicable.

When every part of property is either posted or cultivated or fenced, the entire property is considered as enclosed and posted land.

Enhanced penalty. Give if applicable.

The punishment provided by law for trespass on-property other-fchan a- structure or conveyance is greater if -the-defendant was — armed with a firearm or other dangerous weapon, — Therefore, if If you find the defendant guilty of trespass on property other than a structure or conveyance, you must then determine whether the State proved beyond a reasonable doubt that and-you-further find that the defendant was armed with a firearm or other dangerous weapon during the trespass., — you—should—find fhim][her] guilty of trespass on property other than a structure or- conveyance while armed.

*687
With no firearm or dangerous %oeapon.

If-you-find that- the defendant carried no- firearm or other dangerous-weapon but-did-Gommit the trespass, you should find- [him][her] guilty only-of-trespass on-property other than a-structure or conveyance.

§ 790.001(6), FlaStat. Give if applicable.

A “firearm” is legally-defined as any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.] (adapt-from § 790.001, Fla.Stat., as required by the allegations).
See § 790.001(1), Fla. Stat. for the definition of “antique firearm” and § 790.001(1.), Fla. Stat. for the definition of “destructive device. ”
A “dangerous weapon” is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
Lesser Included Offenses
TRESPASS ON PROPERTY OTHER THAN STRUCTURE OR CONVEYANCE — 810.09(l)(a)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04(1) 5.1
Comment
This instruction was adopted in 1981 and amended in 1985 and 2011.
14,8 ORGANIZED FRAUD
817.034(4)(a)l, 2, 3 Fla. Stat.
To prove the crime of Organized Fraud, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) engaged in a scheme to defraud.
2. (Defendant) thereby obtained [property] [ (specify property if alleged in the information) ].
Degrees. Give as applicable.
If you find the defendant guilty of Organized Fraud, you must also determine if the State has proved beyond a reasonable doubt whether:
a. The aggregate value of the property obtained was $50,000 or more;
b. The aggregate value of the property obtained was s $20,000 or more but less than $50,000;
c. The aggregate value of the property obtained was less than $20,000.

Definitions. Give if applicable.

“Scheme to Defraud” means a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent *688 pretenses, representations, or promises or willful misrepresentations of a future act.
“Obtain” means to temporarily or permanently deprive any person of the right to property or a benefit therefrom, or to appropriate the property to one’s own use or to the use of any other person not entitled thereto.
“Property” means anything of value, and includes:
1. Real property, including things growing on, affixed to, or found in land;
2. Tangible or intangible personal property, including rights, privileges, interests, and claims; and
3. Services.
“Value” means value determined according to any of the following: The market value of the property at the time and place of the offense, or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
If the exact value cannot be determined, you should attempt to determine a minimum value. If the minimum value of the property cannot be determined, you must find the value is less than $20,000.

Note to Judge. If the property obtained is a written instrument or trade secret that does not have a readily ascertainable market value, give the definition of “value” in s. 817.03Jf(S)(e)l.b or l.c.

“Willful” means intentional, purposeful, and with knowledge.
Lesser Included Offenses
ORGANIZED FRAUD 817.034(4)(a)l, 2, 3 Fla. Stat.
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Grand theft— second degree 812.014(2)(b)l 14.1
Grand theft — third degree 812.014(2)(c)l, 2,3 14.1
Petit theft — first degree 812.014(2)(e) 14.1
Petit theft — second degree 812.014(3)(a) 14.1
Comment
This instruction was adopted in 2011.
16.4(a) CONTRIBUTING TO CHILD DEPENDENCY, PERSON 21 OR OLDER IMPREGNATING CHILD UNDER 16
§ 827.04(3), Fla.Stat.
To prove the crime of Contributing to Child Dependency, the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) impregnated (victim).
2. At the time, (defendant) was 21 years of age or older.
3. At the time, (victim) was a child under the age of 16 years.
*689 Neither the victim’s lack of chastity nor the victim’s consent is a defense to this offense.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2011,
24.6 PROHIBITION OF CERTAIN ACTS IN CONNECTION WITH OBSCENE MATERIALS — PROMOTING OR PERFORMING
§ 847.011(4), Fla.Stat.
To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) knowingly promoted, conducted, performed, or participated in an obscene, lewd, lascivious, or indecent show, exhibition, or performance by live persons or a live person before an audience.
2. The material charged in this case is obscene. In order for such material to be legally obscene, each of the following facts must be found:
a. The average person applying contemporary community standards of_County, Florida, would find that the material, taken as a whole, appeals to the prurient interest.
b. The material depicts or describes sexual conduct in a patently offensive way.
c. The material, taken as a whole, lacks serious literary, artistic, political, or scientific value.
8. The defendant had knowledge of the nature, character or content of the materials.

Definitions.

Prurient Interest

A “prurient interest” in-sex is — a shameful-or- morbid interest in sex, nudity, or excretion. — Material does not appeal to-a-prurient interest if the average person-today can-view the material candidly,-openly, and with a normal interest in sex.

Patently Offensive Obscene.

In order to be obscene, the dominant theme of the material must depict or describe sexual conduct in a patently offensive way, that is, it must do so in a way that offends the contemporary community standards of _ County. Not all descriptions or depictions of sexual conduct goes substantially beyond customary community standards of decency for it to be patently offensive. You must determine the collective view of the community in evaluating this element of the offense.
In order for you to find that this material is obscene, you must also find that, taken as a whole, it lacks serious literary, artistic, political, or scientific value. If the material has such value, it is not obscene even if it appeals to the prurient interest in sex, and even if it depicts or describes sexual conduct in a patently offensive way. In judging whether the value is serious, you should consider the intent of the material. If it is a serious literary or artistic effort, or if it attempts to convey scientific information, or a political point of view, it cannot be obscene. If the primary intent is to appeal to the prurient interest, then the mere insertion of literary, artistic, political, or scientific materials irrelevant to the predominant theme will not prevent you from determining that the material is obscene. Sex can be a legitimate subject for literature, art, scientific inquiry, or political argument, *690 and such serious treatments of sex, even if appealing to the prurient interest and patently offensive, cannot be obscene.

Prurient Interest.

A “prurient interest” in sex is a shameful or morbid interest in sex, nudity, or excretion. Material does not appeal to a prurient interest if the average person today can view the material candidly, openly, and with a normal interest in sex.

Optional Definition.

“Morbid interest” means diseased, dwelling on the gruesome, or sick.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1981 and amended in 2011.
28.14 BOATING UNDER THE INFLUENCE
§ 327.35(1), Fla. Stat.
To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) operated a vessel.
2. While operating the vessel, (defendant)

Give 2a or b or both as applicable.

a. was under the influence of [alcoholic beverages][a chemical substance] [a controlled substance] to the extent that [his][her] normal faculties were impaired.
b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].

Give if applicable.

If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:
a. the defendant had a [blood] [breath]-alcohol level of .2015 or higher while operating the vessel.
b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.

Definitions. Give as applicable.

“Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
“Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
“Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
“Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
*691 (_) is a controlled substance under Florida law. Ch. 893, Fla. Stat.
(_) is a chemical substance under Florida law. § 877.111(1), Fla. Stat.

When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 327.35i(2)(a), (2)(b), and (2)(c), Fla. Stat.

1. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
3.If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

Defense of inoperability; give if applicable.

It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
Lesser Included Offenses
BOATING UNDER THE INFLUENCE — 327.35(1)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04(1) 5.1
*692 Comment
This instruction was adopted in 2009 and amended in 2011.
28.15 BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
§ 327.35(3)(a)(b)(c)l, Fla. Stat.
To prove the crime of Boating under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) operated a vessel.
2. While operating the vessel, (defendant)

Give 2a or b or both as applicable.

a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his][her] normal faculties were impaired.
b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
3.As a result of operating the vessel, (defendant) caused or contributed to causing [damage to the property of (victim) ] [injury to the person of (victim) ].

Give if applicable.

If you find the defendant guilty of Boating under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:
a. the defendant had a [blood] [breath]-alcohol level of .2015 or higher while operating the vessel.
b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.

Definitions. Give as applicable.

“Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
“Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
“Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
“Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
(_) is a controlled substance under Florida law. Ch. 893, Fla. Stat.
(_) is a chemical substance under Florida law. § 877.111(1), Fla. Stat.

When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by 
*693
§ 327.354.(2)(a), (2)(b), and (2)(c), Fla. Stat.

1. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breathi-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
3.If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

Defense of inoperability; give if applicable.

It is a defense to the charge of Boating under the Influence Causing [Property Damage] [Injury] if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
Lesser Included Offenses
BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY — 327.35(3)(a)(b)(c)l
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Boating under the 327.35(1) 28.14 Influence
Attempt 777.04(1) 5.1
*694 Comment
This instruction was adopted in 2009 and amended in 2011.
28.16 FELONY BOATING UNDER THE INFLUENCE
§ 327.35(2)(b)l or § 327.35(2)(b)3, Fla. Stat.
To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) operated a vessel.
2. While operating the vessel, (defendant)

Give 2a or b or both as applicable.

a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].

Give if applicable.

If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:
a. the defendant had a [blood] [breath]-alcohol level of .2015 or higher while operating the vessel.
b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.

Definitions. Give as applicable.

“Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
“Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
“Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
“Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
(_) is a controlled substance under Florida law. Ch. 893, Fla. Stat.
(_) is a chemical substance under Florida law. § 877.111(1), Fla. Stat.

When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 327.35í(2)(a), (2)(b), and (2)(c), Fla. Stat.

1. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol *695 level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
3. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

Defense of inoperability; give if applicable.

It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
Give as applicable if the jury finds the defendant is guilty of Boating Under the Influence. Note: A Driving Under the Influence conviction, whether in Florida or out-of-state, counts as a prior conviction. See § 327.35(6)(i), Fla. Stat. See State v. Harbaugh, 751 So.2d 691 (Fla. 2000).
Since you have found the defendant guilty of Boating under the Influence, you must now determine whether the State has proven beyond a reasonable doubt whether:
a. the defendant was previously convicted two times of Boating under the Influence and one of the prior Boating under the Influence convictions took place within 10 years of the Boating under the Influence that you found the defendant committed.
b. the defendant was previously convicted three times of Boating under the Influence.
Lesser Included Offenses
*696 FELONY BOATING UNDER THE INFLUENCE — PRIOR _CONVICTIONS — 327.35(2)(b)l or 327,35(2)(b)3_.
CATEGORY ONE CATEGORY TWO_FLA. STAT._INS. NO.
Boating under the 327.35(1) 28.14 influence
Attempt_777.04(1)5.1
Boating under the 327.35(3)(a)(b)(c)l 28.15 influence causing property damage or injury
Comment
This instruction should be used for Felony Boating under the Influence based on prior convictions. For Felony Boating under the Influence based on prior convictions, it is error to inform the jury of prior Boating or Driving under the Influence convictions before the verdict is rendered. Therefore, if the information or indictment contains an allegation of prior Boating or Driving under the Influence convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Boating under the Influence, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. See State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2009 and amended in 2011.
28.17 BOATING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY
§ 327.35(3)(a)(b)(c)2, Fla. Stat.
To prove the crime of Boating under the Influence Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) operated a vessel.
2. While operating the vessel, (defendant)

Give 2a or 2b or both as applicable.

a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
3. As a result of operating the vessel, (defendant) caused or contributed to causing serious bodily injury to (victim).

Give if applicable.

If you find the defendant guilty of Boating under the Influence Causing Serious Bodily Injury, you must also determine whether the State has proven beyond a reasonable doubt whether:
a. the defendant had a [blood] [breath]-alcohol level of .2015 or higher while operating the vessel.
b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.

Definitions. Give as applicable.

*697 “Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
“Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
“Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
“Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
(_) is a controlled substance under Florida law. Ch. 893, Fla. Stat
(-) is a chemical substance under Florida law. § 877.111(1), Fla. Stat.
“Serious bodily injury” means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 327.35h(2)(a), (2)(b), and (2)(e), Fla. Stat.

1.If you find from the evidence that while operating the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
3. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

*698
Defense of inoperability; give if applicable.

It is a defense to the charge of Boating under the Influence Causing Serious Bodily Injury if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
Lesser Included Offenses
BOATING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY — 327.35(3)(a)(b)(c)2
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Boating under the 327.35(3)(a)(b)(c)l 28.15 influence Causing Injury
Boating under the 327.35(1) 28.14 influence
Attempt 777.04(1) 51
Boating under the 327.35(3)(a)(b)(c)l 28.154 influence causing property damage
Comment
This instruction was adopted in 2009 and amended in 2011.
29.14 TAKING DEER/WILD TURKEY WITH GUN AND LIGHT
§ 37⅜⅛9⅛49.404(1), Fla. Stat.
To prove the crime of Taking [Deer] [Wild Turkey] with Gun and Light, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) did take any [deer] [wild turkey].
2. (Defendant) used a gun and light in such taking.

Definitions.

Take § 37^.001(17)9.101(38), Fla. Stat.

“Take” shall include taking, attempting to take, pursuing, hunting, molesting, capturing, or killing any [deer] [wild turkey, or their nests or eggs], by any means, whether or not such actions result in obtaining possession of such [deer] [wild turkey or their nests or eggs].

Gun: Fla. Admin. Code 68A-1.001.(39)

“Gun” means a shotgun, rifle, pistol, revolver, air gun, gas gun, blow gun, bow, crossbow, or any other device mechanically propelling an arrow, spear, or other projectile.

Light: Fla. Admin. Code 68A-1.00U(hl)

“Light” means any artificial light.
“Possession” means any one of the following:
1. Manual possession
*699 2. Physical possession
3. Control or custody
4. Possession in one’s clothing, attire, or equipment
5. Possession in or about a vessel, vehicle, or beast of burden under one’s custody or control, including but not limited to compartments, drawers, pockets, trunks, and similar places in and about such vessel, vehicle, or beast of burden.

§ 372.99(2), Fla.Stat.

If you find from the evidence that the defendant displayed or used a light in a place where [deer] [wild turkey] might be found and in a manner capable of disclosing the presence of [deer] [wild turkey], and that the defendant possessed a firearm or other weapon customarily used for the taking of [deer] [wild turkey], between one hour after sunset and one hour before sunrise, then this would be sufficient by itself to establish that the defendant was taking or attempting to take [deer] [wild turkey] by use of a gun and light. However, such evidence may be contradicted or rebutted by other evidence.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in March 2000 and amended in 2011.

. The Committee proposes amendments to the following instructions: 2.13 — Questions by Jurors; 3.8(a) — Evidence of Other Crimes, Wrongs, or Acts; 6.6 — Attempted Voluntary Manslaughter; 13.3 — Trespass in a Structure or Conveyance; 13.4 — Trespass on Property Other than a Structure or Conveyance; 24.6 — Prohibition of Certain Acts in Connection with Obscene Materials; Promoting or Performing; 25.9-25.13 — Trafficking; 28.14-28.17 — Boating Under the Influence; and 29.14 — Taking Deer/Wild Turkey with Gun and Light. In addition, the Committee proposes three new jury instructions: 14.8 — Organized Fraud; 16.4(a) — -Contributing to Child Dependency, Person 21 or Older Impregnating Child Under 16; and 28.41 — Leaving the Scene of a Crash Involving Damage to an Attended Vehicle or Property.

. The Court published the Committee’s proposals in the February 15, 2011, edition of The Florida Bar News. Two comments were received, limited to the Committee's proposed amendments to the drug trafficking offenses and attempted manslaughter jury instructions. On May 24, 2011, the Court severed those proposals from the instant case, and set up a new case for the proposed amendments to the drug trafficking instructions and the attempted voluntary manslaughter instruction, which is currently pending before the Court (Case No. SCI 1-1010).

. The Court also modifies the Committee’s proposal to instruction 13.4, Trespass — On Property Other Than a Structure or Conveyance; the modifications are solely organizational.

. At this time we decline to authorize instruction 28.41, Leaving the Scene of a Crash Involving Damage to an Attended Vehicle or Property. By separate letter, that proposal will be referred back to the Committee for further study.

.The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.