# Supreme Court of Florida

_____

No. SC15-1867
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2015-07.**

[May 12, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions.

We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard criminal

jury instructions:  28.1 (Driving Under the Influence); 28.1(a) (Driving Under the

Influence Causing Property Damage or Injury); 28.2 (Felony Driving Under the

Influence); 28.3 (Driving Under the Influence Causing Serious Bodily Injury); 28.4

(Leaving the Scene of a Crash Involving [Death] [Serious Bodily Injury] [Injury]);

28.8(b) (Aggravated Fleeing or Eluding – Leaving a Crash Involving Serious

Bodily Injury, Injury or Death then Causing Serious Bodily Injury or Death);

28.8(c) (Aggravated Fleeing or Eluding – Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death); 28.8(d) (Aggravated Fleeing or Eluding – Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Injury or Property Damage to Another); 28.8(e) (Aggravated Fleeing or Eluding – Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another); 28.14 (Boating Under the Influence); 28.15 (Boating Under the Influence Causing Property Damage or Injury); 28.16 (Felony Boating Under the Influence); and 28.17 (Boating Under the Influence Causing Serious Bodily Injury). The Committee also proposes the following new jury instruction: 28.4(b) (Leaving the Scene of a Crash Involving Damage to an Unattended Vehicle or Unattended Property).

Before filing its report with the Court, the Committee published its proposals for comment in The Florida Bar News. Three comments were received by the Committee: one from the Florida Association of Criminal Defense Lawyers (FACDL) pertaining to instruction 28.4(b); and one each from the Florida Public Defender Association, Inc. (FPDA) and Public Defender Blaise Trettis, both pertaining to the Driving Under the Influence (DUI) and Boating Under the Influence (BUI) instructions. The Committee made some changes to its proposals upon consideration of the three comments. With respect to the DUI and BUI

instructions, the Committee clarified the definition of "impaired." With respect to instruction 28.4(b), the Committee added a comment to the instruction addressing the issue of mens rea. Because the Court did not view these changes as significant, the Court did not publish the Committee's proposals for further comment.

Having considered the Committee's report and the comments received by the Committee, we amend the standard jury instructions as proposed by the Committee and authorize them for publication and use. We also authorize new instruction 28.4(b), as proposed by the Committee, for publication and use. In so doing, we note with respect to instruction 28.4(b) that the issue raised by FACDL, that the misdemeanor hit-and-run statute underlying proposed instruction 28.4(b) imposes an affirmative duty on a driver to take certain actions, and therefore knowledge of involvement in an accident is implied, has not been expressly addressed by any court. Accordingly, we decline to use the instant proceedings authorizing the publication and use of standard jury instructions as the basis for addressing such an issue. Such matters are appropriate for consideration by this Court only within the context of an actual case or controversy. See art. V, § 3(b), Fla. Const; In re Std. Jury Instr. in Crim. Cases—Report No. 2015-05, 41 Fla. L. Weekly S140 (Fla. Apr. 7, 2016).

The new and amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1]  New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; Judge Jerri Lynn Collins, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## 28.1  DRIVING UNDER THE INFLUENCE
§ 316.193(1), Fla. Stat.

**To prove the crime of Driving under the Influence, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **drove [or was in actual physical control of] a vehicle.**

2. **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*

    a. **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

    b. **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable. § 316.193(4), Fla. Stat. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)*

**If you find the defendant guilty of Driving under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

    a. **the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving [or in actual physical control of] the vehicle.**

    b. **the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the ~~d~~Driving under the ~~i~~Influence.**

*Definitions. Give as applicable.*
*§ 316.003(75), Fla. Stat.*
**Vehicle is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.**

*§ 316.1934(1), Fla. Stat.*
**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**<u>Impaired means diminished in some material respect.</u>**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*
**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*~~When appropriate, give one or of the following instructions on the presumptions of impairment established by~~ <u>Give if appropriate.</u> § 316.1934(2)(a)~~,~~ <u>and</u> (2)(b), ~~and (2)(c),~~ Fla. Stat.*

1. **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal**

faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

2.      If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3.      ~~If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.~~

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
It is a defense to the charge of Driving under the Influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was

**operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

### Lesser Included Offenses

| DRIVING UNDER THE INFLUENCE — 316.193(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comment

A misdemeanor instruction was adopted in 1981 as part of Standard Jury Instructions In Misdemeanor Cases. In 1992, a similar instruction was adopted for Florida Standard Jury Instructions In Criminal Cases. That instruction was amended in 1995 and 1998; both instructions were merged into a revised instruction in 2000, which was amended in 2009 [6 So. 3d 574] and 2016.

### 28.1(a)  DRIVING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
§ 316.193(3)(a)(b)(c)1, Fla. Stat.

**To prove the crime of Driving under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **drove [or was in actual physical control of[ a vehicle.**

2.      **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*

     a.      **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

     b.      **had a [blood] [breath]-alcohol level of .08 or more**

**grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3. **As a result of operating the vehicle,** (defendant) **caused or contributed to causing [damage to the property of** (victim)**] [injury to the person of** (victim)**].**

*Give if applicable.* *§ 316.193(4), Fla. Stat.* *(Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)*
**If you find the defendant guilty of Driving under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:**

   a.   **the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving [or in actual physical control of] the vehicle.**

   b.   **the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the** ~~d~~**D**riving under the ~~i~~**I**nfluence.

*Definitions. Give as applicable.*
*§ 316.003(75), Fla. Stat.*
**Vehicle is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.**

*§ 316.1934(1), Fla. Stat.*
**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*

**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

**(＿＿＿＿＿) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(＿＿＿＿＿) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

~~*When appropriate, give one or of the following instructions on the presumptions of impairment established by*~~ *Give if appropriate. § 316.1934(2)(a)~~,~~ and (2)(b), ~~and (2)(c),~~ Fla. Stat.*

1. **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2. **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

3. ~~If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.~~

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot.; Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Driving under the Influence Causing [Property Damage] [Injury] if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

**Lesser Included Offenses**

| DRIVING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY — 316.193(3)(a)(b)(c)1. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| DUI | | 316.193(1) | 28.1 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009~~, In re Standard Jury Instructions in Criminal Cases Report No. 2008-08,~~ [6 So. 3d 574] ~~(Fla. 2009),~~ and amended in 2009 [18 So. 3d 523], and 2016.


## 28.2  FELONY DRIVING UNDER THE INFLUENCE
§ 316.193(2)(b)1 or § 316.193(2)(b)3, Fla. Stat.


**To prove the crime of Driving under the Influence, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **drove [or was in actual physical control of] a vehicle.**

2.      **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*
   a.      **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

   b.      **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable. § 316.193(4), Fla. Stat. ~~(Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)~~*
**If you find the defendant guilty of Driving under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

   a.      **the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving [or in actual physical control of] the vehicle.**

   b.      **the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the ~~d~~Driving under the ~~i~~Influence.**

*Definitions. Give as applicable.*
*§ 316.003(75), Fla. Stat.*
**Vehicle is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.**

*§ 316.1934(1), Fla. Stat.*
**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*
**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*When appropriate, give one or of the following instructions on the presumptions of impairment established by* *Give if appropriate. § 316.1934(2)(a), and (2)(b), and (2)(c), Fla. Stat.*

1. **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal**

faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3. ~~If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.~~

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot. Robertson v. State, 604 So. 2d 783, 792, n.14 (Fla. 1992); Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
It is a defense to the charge of Driving under the Influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find

**the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

*Give as applicable if the jury finds the defendant guilty of Driving under the Influence. Note: BUI and out-of-state DUI/DWI convictions count as prior convictions. See §316.193(6)(k), Fla. Stat. See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

**Now that you have found the defendant guilty of Driving under the Influence, you must further determine whether the State has proven beyond a reasonable doubt whether:**

> **a.     the defendant was previously convicted two times of Driving under the Influence and one of the prior Driving Under the Influence convictions took place within 10 years of the Driving Under the Influence that you found the defendant committed.**
>
> **b.     the defendant was previously convicted three times of Driving under the Influence.**

*Give if applicable.  316.193(12), Fla. Stat.*

**If the records of the Department of Highway Safety and Motor Vehicles show that the defendant has been previously convicted of Driving under the Influence, you may conclude that the State has established that prior Driving under the Influence conviction.  However, such evidence may be contradicted or rebutted by other evidence.  Accordingly, this inference may be considered along with any other evidence in deciding whether the defendant has a prior Driving under the Influence conviction.**

**Lesser Included Offenses**

| FELONY DRIVING UNDER THE INFLUENCE – [THIRD OFFENSE WITHIN 10 YEARS OF A PRIOR CONVICTION] [FOURTH OFFENSE] — 316.193(2)(b)1. or 316.193(2)(b)3. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Driving under the influence | | 316.193(1) | 28.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Driving under the influence causing property damage or injury | 316.193(3)(a)(b)(c)1 | 28.1(a) |

**Comment<u>s</u>**

This instruction should be used for Felony Driving under the Influence based on prior convictions. For Felony Driving under the Influence based on prior convictions, it is error to inform the jury of prior Driving under the Influence/Boating under the Influence convictions until the verdict on the underlying Driving under the Influence is rendered. Therefore, if the information or indictment contains an allegation of prior Driving under the Influence/Boating under the Influence convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Driving under the Influence, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2016.

**28.3 DRIVING UNDER THE INFLUENCE CAUSING
SERIOUS BODILY INJURY**
§ 316.193(3)(a)(b)(c)2., Fla. Stat.

**To prove the crime of Driving under the Influence Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **drove [or was in actual physical control of] a vehicle.**

2. **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*
   a. **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

   b. **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3. **As a result of operating the vehicle,** (defendant) **caused or contributed to causing serious bodily injury to** (victim)**.**

*Give if applicable.* § 316.193(4), Fla. Stat. ~~(Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)~~
**If you find the defendant guilty of Driving under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

   a. **the defendant had a [blood] [breath]-alcohol level of 0.15 or higher while driving [or in actual physical control of] the vehicle.**

   b. **the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the ~~d~~Driving under the ~~i~~Influence.**

*Definitions. Give as applicable.*
*§ 316.003(75), Fla. Stat.*
**Vehicle is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.**

*§ 316.1934(1), Fla. Stat.*
**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in**

**emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*
**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*§ 316.1933, Fla. Stat.*
**Serious bodily injury means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.**

*When appropriate, give one or of the following instructions on the presumptions of impairment established by Give if appropriate. § 316.1934(2)(a), and (2)(b), and (2)(c), Fla. Stat.*

1. **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.	If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3.	~~If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.~~

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
It is a defense to the charge of Driving under the Influence Causing Serious Bodily Injury if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.

| DRIVING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY—316.193(3)(a)(b)(c)2. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Driving under the influence causing injury | | 316.193(3)(a)(b)(c)1. | 28.1 28.1(a) |
| Driving under the influence | | 316.193(1) | 28.1 |
| | Driving under the influence causing property damage | 316.193(3)(a)(b)(c)1. | 28.1(a) |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1992 and amended in 1998 [723 So. 2d 123], 2009 [6 So. 3d 574], ~~and~~ 2013 [131 So. 3d 720], and 2016.

**28.4 LEAVING THE SCENE OF A CRASH INVOLVING [DEATH] [SERIOUS BODILY INJURY] [INJURY]**
§ 316.027(~~1~~2), Fla. Stat.; § 316.062, Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving [Death] [Injury], the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash or accident occurring on public or private property resulting in [injury to] [death of] any person.**

2. (Defendant) **knew that [he] [she] was involved in a crash or accident.**

*Give 3a if death is charged or 3b if injury or serious bodily injury is charged.*

- 21 -

**3.  a.** (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to or death of the person.**

**b.** (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to the person.**

*Give 4a, 4b, or both as applicable.*
**4.  a.** (Defendant) **willfully failed to stop at the scene of the crash or accident or as close to the crash or accident as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle] and to any police officer investigating the crash or accident.**

**[or]**

**b.** (Defendant) **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

**If the State proves that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Give if serious bodily injury is charged. § 316.027(1)(a), Fla. Stat.; § 316.027(2)(b), Fla. Stat.*
**If you find that** (defendant) **committed the crime of Leaving the Scene of a Crash Involving Injury, you must then determine whether the State proved beyond a reasonable doubt that the injury was a serious bodily injury.**

**"Serious bodily injury" means an injury to a person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

*Enhancement. Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*

- 22 -

**If you find that (defendant) committed the crime of Leaving the Scene of a Crash Involving [Death] [Serious Bodily Injury] [or] [Injury], you must then determine whether the State proved beyond a reasonable doubt that the [injured person] [person who died] was:**

**[a pedestrian].**
**[actually engaged in work upon a highway].**
**[actually engaged in work upon utility facilities along a highway].**
**[engaged in the provision of emergency services within the right-of-way].**
**[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].**
**[riding an animal].**
**[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].**

*Definitions. Give as applicable.* ~~*Fla. Stat. § 316.003(75).*~~ *§ 316.003(75), Fla. Stat.*

**A "vehicle"** is any device in, upon, or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.

*§ 316.062, Fla. Stat.*

**"Identifying information"** means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.

**"Reasonable assistance"** includes carrying or making arrangements to carry the injured person to a physician or hospital for medical treatment.

*Patterson v. State, 512 So. 2d 1109 (Fla. 1*st* DCA 1987).*
**"Willfully"** means knowingly, intentionally and purposely.

*If the "vulnerable road user" enhancement is given, insert applicable definitions from § 316.003, Fla. Stat.*

**Lesser Included Offenses**

| LEAVING THE SCENE OF A CRASH INVOLVING DEATH OR INJURY — 316.027(~~12~~)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ Leaving the Scene of a Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Leaving the Scene of a Crash Involving Injury* | | 316.027(2)(a) | 28.4 |
| | Attempt | 777.04(1) | 5.1 |

| LEAVING THE SCENE OF A CRASH INVOLVING SERIOUS BODILY INJURY — 316.027(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Leaving the Scene of a Crash Involving Injury | | 316.027(2)(a) | 28.4 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

* In *Williams v. State*, 732 So. 2d 431 (Fla. 2d DCA 1999), the court stated in dictum that Leaving the Scene of a Crash Involving Injury is a necessarily lesser-included offense of Leaving the Scene of a Crash Involving Death. In other areas, however, where there is no issue that a person was killed as a result of an incident giving rise to criminal charges, non-death lessers are not appropriate. See, e.g., *State v. Barritt*, 531 So. 2d 338 (Fla. 1988); *Humphrey v. State*, 690 So. 2d 1351 (Fla. 3d DCA 1997).

~~See *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), *State v. Dumas*, 700 So. 2d 1223 (Fla. 1997), and *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015).~~

This instruction was adopted in 1995 [665 So. 2d 212] and amended in 2008 [973 So. 2d 432], ~~and~~ 2015 [166 So. 3d 131], and 2016.

# 28.4(b)  LEAVING THE SCENE OF A CRASH INVOLVING DAMAGE TO AN UNATTENDED VEHICLE OR UNATTENDED PROPERTY
## § 316.063(1), Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving Damage to an Unattended Vehicle or Unattended Property, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash or collision.**

2. **The crash or collision resulted in damage to another vehicle or other property.**

3. **The vehicle or other property was not driven or attended by any person.**

4. (Defendant) **failed to immediately stop at the scene of the crash or collision and then and there either**

   a. **locate and notify the operator or owner of the vehicle or other property of [his] [her] name and address and the registration number of the vehicle [he] [she] was driving, or**

   b. **attach securely in a conspicuous place in or on the vehicle or other property a written notice giving [his] [her] name and address and the registration number of the vehicle [he] [she] was driving, and, without unnecessary delay, notify the nearest office of a duly authorized police authority.**

*§ 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

| LEAVING THE SCENE OF A CRASH INVOLVING DAMAGE TO AN UNATTENDED VEHICLE OR UNATTENDED PROPERTY— 316.063(1) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

As of September 2015, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage to violate this statute. Compare *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015) and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995) dealing with § 316.027, Fla. Stat., which, unlike § 316.063, Fla. Stat., contains an explicit willfulness requirement.

This instruction was adopted in 2016.


**28.8(b)  AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Serious Bodily Injury or Death)**
§ 316.1935(4)(b) and § 316.027, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash or accident occurring on public or private property resulting in [serious bodily injury to] [injury to] [the death of] any person.**

2. (Defendant) **knew that [he] [she] was involved in a crash or accident.**

*Give 3a if death is charged or 3b if injury <u>or serious bodily injury is</u>*
*charged.*

**3.**   **a.**   (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to or death of the person.**

    **b.**   (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to the person.**

*Give 4a or 4b or both as applicable.*
**4.**   (Defendant)

    **a.**   **willfully failed to stop at the scene of the crash or accident or as close to the crash or accident as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant][person attending the vehicle or other damaged property] and to any police officer investigating the crash or accident.**

    **[or]**

    **b.**   **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

**5.**   **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

**6.**   (Defendant)**, knowing [he][she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his][her]vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

**7.**   **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of]** (name of victim)**.**

*§ 316.027, Fla. Stat.*

A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or accident or as close to the scene of the crash or accident as possible and provide "identifying information."

If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.

*Enhancement. Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*
**If you find that the State proved beyond a reasonable doubt that** (defendant) **committed elements #1 – #4, you must then determine whether the State also proved beyond a reasonable doubt that the [injured person] [person who died] in element #1 was:**

**[a pedestrian].**
**[actually engaged in work upon a highway].**
**[actually engaged in work upon utility facilities along a highway].**
**[engaged in the provision of emergency services within the right-of-way].**
**[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].**
**[riding an animal].**
**[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].**

*Definitions. Give as applicable.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*Fla. Stat. § 316.062, Fla. Stat.*
**"Identifying information"** means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.

**"Reasonable assistance"** includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.

*Fla. Stat.* § 316.003(75)*, Fla. Stat.*

**"Vehicle"** means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.

*§ 316.027(1)(a), Fla. Stat.*

**"Serious bodily injury" means an injury to a person [including the driver,] which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

## Lesser Included Offenses

| AGGRAVATED FLEEING OR ELUDING<br>(Leaving a Crash Involving ~~Injury or~~ Death and then Causing Serious ~~Injury~~ Bodily Injury or Death) —<br>316.1935(4)(b) and 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Leaving Scene of a Crash Involving Death* | | 316.027(2)(c) | 28.4 |
| Leaving the Scene of a Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Aggravated Fleeing | | 316.1935(4)(a) | 28.84 |
| ~~Fleeing to Elude LEO~~ | | ~~316.1935(1)~~ | ~~28.6~~ |
| ~~Leaving Scene of a Crash Involving Death~~ | | ~~316.027(1)(b)~~ | ~~28.4~~ |
| Leaving Scene of a Crash Involving Injury* | | 316.027~~(1)(a)~~(2)(a) | 28.4 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |

| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
|---|---|---|---|
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

\* § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Death, Serious Bodily Injury, or Injury. Therefore, if a Leaving the Scene crime is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

For the category two lesser included offense of Disobedience to Police, see *Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010).

See *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), *State v. Dumas*, 700 So. 2d 1223 (Fla. 1997), and *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], and 2015 [166 So. 3d 161], and 2016.

**28.8(c)  AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)**
§ 316.1935(4)(b) and § 316.061, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1.  (Defendant) **was the driver of a vehicle involved in a crash or accident.**

2.  **The crash or accident resulted only in damage to a vehicle or other property.**

3. **The [vehicle] [other property] was [driven] [attended] by [a person]** [(name of person)]**.**

4. (Defendant) **failed to stop at the scene of the crash <u>or accident</u> or as close to the crash <u>or accident</u> as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash <u>or accident</u> or who is investigating the crash <u>or accident</u>.**

5. **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6. (Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

7. **As a result of** (defendant) **fleeing or eluding, [he] she] caused [serious bodily injury to] [the death of]** (name of victim)**.**

**If the State proves beyond a reasonable doubt that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1<del>st</del><u>st</u> DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*<del>Fla. Stat.</del> § 316.062(1)<u>, Fla. Stat.</u>*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*<del>Fla. Stat.</del> § 316.003(75)<u>, Fla. Stat.</u>*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING<br>(Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death) — 316.1935(4)(b) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Aggravated Fleeing | | 316.1935(4)(a) | 28.85 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property* | | 316.061 | 28.4(a) |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

&ast; § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Damage to Attended Property. Therefore, if Leaving the Scene is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

As of September 2015, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage to violate this statute. Compare *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015) and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995) dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], and 2015 [166 So. 3d 161], and 2016.


## 28.8(d)  AGGRAVATED FLEEING OR ELUDING
### (Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Injury or Property Damage to Another)
§ 316.1935(4)(a) and § 316.027 Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash or accident occurring on public or private property resulting in [serious bodily injury to] [injury to] [the death of] any person.**

2. (Defendant) **knew that [he] [she] was involved in a crash or accident.**

*Give 3a if death is charged or 3b if serious bodily injury or injury is charged.*

3.  a.  (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to or death of the person.**

    b.  (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to the person.**

*Give 4a or 4b or both as applicable.*

4.  (Defendant)

    a.  **willfully failed to stop at the scene of the crash or accident or as close to the crash or accident as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] and to any police officer investigating the crash or accident.**

**[or]**

> b.    **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

5.    **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.    (Defendant) **knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his][her]vehicle in compliance with the order to stop][and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

7.    **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [an injury to] [damage to the property of]** (name of victim)**.**

*§ 316.027, Fla. Stat.*
**A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or accident or as close to the scene of the crash or accident as possible and provide "identifying information."**

**If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Enhancement. Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*
**If you find that the State proved beyond a reasonable doubt that** (defendant) **committed elements #1 – #4, you must then determine whether the State also proved beyond a reasonable doubt that the [injured person] [person who died] in element #1 was:**

**[a pedestrian].**
**[actually engaged in work upon a highway].**
**[actually engaged in work upon utility facilities along a highway].**

- 34 -

**[engaged in the provision of emergency services within the right-of-way].**
**[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].**
**[riding an animal].**
**[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].**

*Definitions.* *Give as applicable.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1*~st~*st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*Fla. Stat. § 316.062, Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.**

*Fla. Stat. § 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*§ 316.027(1)(a), Fla. Stat.*
**"Serious bodily injury" means an injury to a person [including the driver,] which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING<br>(Leaving a Crash Involving ~~Injury or~~ Death and then Causing Injury or<br>Property Damage to Another) —<br>316.1935(4)(a) and § 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Leaving Scene of a Crash Involving Death* | | 316.027(2)(c) | 28.4 |
| Leaving Scene of Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| ~~Fleeing to Elude LEO~~ | | ~~316.1935(1)~~ | ~~28.6~~ |
| ~~Leaving Scene of a Crash Involving Death~~ | | ~~316.027(1)(b)~~ | ~~28.4~~ |
| Leaving Scene of a Crash Involving Injury* | | 316.027~~(1)(a)~~(2)(a) | 28.4 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

 * § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Death, Serious Bodily Injury, or Injury. Therefore, if a Leaving the Scene crime is

charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

For the category two lesser included offense of Disobedience to Police, see *Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010).

~~See *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), *State v. Dumas*, 700 So. 2d 1223 (Fla. 1997), and *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015).~~

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], and 2016.

### 28.8(e)  AGGRAVATED FLEEING OR ELUDING
### (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)
§ 316.1935(4)(a) and § 316.061, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1.   (Defendant) **was the driver of a vehicle involved in a crash or accident.**

2.   **The crash or accident resulted only in damage to a vehicle or other property.**

3.   **The [vehicle] [other property] was [driven] [attended] by [a person] [**(name of person)**].**

4.   (Defendant) **failed to stop at the scene of the crash or accident or as close to the crash or accident as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash or accident or who is investigating the crash or accident].**

5.   **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

**6.** (Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

**7.** **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [injury to] [damage to the property of]** (name of victim)**.**

If the State proves beyond a reasonable doubt that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.

*Definitions.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1<del>st</del>st DCA 1987)*<u>.</u>
**"Willfully" means intentionally, knowingly, and purposely.**

*<del>Fla. Stat.</del> § 316.062(1)<u>, Fla. Stat.</u>*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*<del>Fla. Stat.</del> § 316.003(75)<u>, Fla. Stat.</u>*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving A Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another) — 316.1935(4)(a) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property* | | 316.061 | 28.4(a) |

| | | | |
|---|---|---|---|
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

\* § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Damage to Attended Property. Therefore, if Leaving the Scene is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

As of September 2015, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage to violate this statute. Compare *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015) and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995) dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], and 2015 [166 So. 3d 161], and 2016.

### 28.14 BOATING UNDER THE INFLUENCE
§ 327.35(1), Fla. Stat.
**To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:**

**1.**    (Defendant) **operated a vessel.**

**2.     While operating the vessel,** (defendant)

*Give 2a or 2b or both as applicable.*

      **a.     was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

      **b.     had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable. § 327.35(4), Fla. Stat.*
**If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

      **a.     the defendant had a [blood] [breath]-alcohol level of .15 or higher while operating the vessel.**

      **b.     the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the ~~b~~Boating under the ~~i~~Influence.**

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2d DCA 2013).*
**"Vessel" means a boat and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

*§ 327.354(1), Fla. Stat.*
**"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*§ 327.02(30), Fla. Stat.*
**"Operate" means to be in charge of or in command of [or in actual physical control of] a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*§ 322.01(2), Fla. Stat.*
**"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.**

(_____) **is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

(_____) **is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by Give if appropriate. § 327.354(2)(a), and (2)(b), and (2)(c), Fla. Stat.*

1.      **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.      **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.  In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

3.      **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant**

**was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 327.354(2)(c), Fla. Stat., if the State charged the defendant with boating with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant operated a vessel with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.**

**Lesser Included Offenses**

| BOATING UNDER THE INFLUENCE — 327.35(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574], and amended in 2012 [87 So. 3d 679], ~~and~~ 2014 [146 So. 3d 1110], and 2016.

## 28.15  BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
§ 327.35(3)(a)(b)(c)1, Fla. Stat.

**To prove the crime of Boating under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **operated a vessel.**

2. **While operating the vessel,** (defendant)

*Give 2a or 2b or both as applicable.*

    a. **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

    b. **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3. **As a result of operating the vessel,** (defendant) **caused or contributed to causing [damage to the property of** (victim)**] [injury to the person of** (victim)**].**

*Give if applicable. § 327.35(4), Fla. Stat.*

**If you find the defendant guilty of Boating under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:**

    a. **the defendant had a [blood] [breath]-alcohol level of .15 or higher while operating the vessel.**

    b. **the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the ~~b~~Boating under the ~~i~~Influence.**

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2d DCA 2013).*
**"Vessel" means a boat and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

*§ 327.354(1), Fla. Stat.*
**"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*§ 327.02(30), Fla. Stat.*
**"Operate" means to be in charge of or in command of [or in actual physical control of] a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*§ 322.01(2), Fla. Stat.*
**"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.**  *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.**  *§ 877.111(1), Fla. Stat.*

*~~When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by~~ Give if appropriate. § 327.354(2)(a)~~,~~ and (2)(b), ~~and (2)(c),~~ Fla. Stat.*

1.      **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.      **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a**

[blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3. ~~If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.~~

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 327.354(2)(c), Fla. Stat., if the State charged the defendant with boating with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant operated a vessel with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
It is a defense to the charge of Boating under the Influence Causing [Property Damage] [Injury] if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.

**Lesser Included Offenses**

| BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY — 327.35(3)(a)(b)(c)1. | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Boating under the Influence | | 327.35(1) | 28.14 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2012 [87 So. 3d 679], ~~and~~ 2014 [146 So. 3d 1110], and 2016.


**28.16 FELONY BOATING UNDER THE INFLUENCE**
§ 327.35(2)(b)1. or § 327.35(2)(b)3., Fla. Stat.
**To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **operated a vessel.**

2.      **While operating the vessel,** (defendant)

*Give 2a or 2b or both as applicable.*
        a.      **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

        b.      **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable. § 327.35(4), Fla. Stat.*
**If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

        a.      **the defendant had a [blood] [breath]-alcohol level of .15 or higher while operating the vessel.**

  b.  the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the ~~b~~Boating under the ~~i~~Influence.

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2<u>d</u> DCA 2013).*
**"Vessel" means a boat and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

*§ 327.354(1), Fla. Stat.*
**"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*§ 327.02(30), Fla. Stat.*
**"Operate" means to be in charge of or in command of [or in actual physical control of] a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.**

*<u>Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).</u>*
**<u>Impaired means diminished in some material respect.</u>**

*§ 322.01(2), Fla. Stat.*
**"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*~~When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by~~ <u>Give if appropriate.</u> § 327.354(2)(a)~~,~~ <u>and</u> (2)(b), ~~and (2)(c),~~ Fla. Stat.*
  **1.  If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a**

[blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

2.      If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.  In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3.      ~~If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.~~

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 327.354(2)(c), Fla. Stat., if the State charged the defendant with boating with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant operated a vessel with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel

**upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.**

*Give as applicable if the jury finds the defendant is guilty of Boating Under the Influence. Note: A Driving Under the Influence conviction, whether in Florida or out-of-state, counts as a prior conviction. See §327.35(6)(i), Fla. Stat. See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

**Since you have found the defendant guilty of Boating under the Influence, you must now determine whether the State has proven beyond a reasonable doubt whether:**

> **a.** **the defendant was previously convicted two times of Boating under the Influence and one of the prior Boating under the Influence convictions took place within 10 years of the Boating under the Influence that you found the defendant committed.**

> **b.** **the defendant was previously convicted three times of Boating under the Influence.**

### Lesser Included Offenses

| FELONY BOATING UNDER THE INFLUENCE — PRIOR CONVICTIONS — 327.35(2)(b)1. or 327.35(2)(b)3. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Boating under the influence | | 327.35(1) | 28.14 |
| | Attempt | 777.04(1) | 5.1 |
| | Boating under the influence causing property damage or injury | 327.35(3)(a)(b)(c)1. | 28.15 |

### Comments

This instruction should be used for Felony Boating under the Influence based on prior convictions. For Felony Boating under the Influence based on prior convictions, it is error to inform the jury of prior Boating or Driving under the

Influence convictions before the verdict is rendered. Therefore, if the information or indictment contains an allegation of prior Boating or Driving under the Influence convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Boating under the Influence, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2012 [87 So. 3d 679], ~~and~~ 2014 [146 So. 3d 1110], and 2016.

## 28.17 BOATING UNDER THE INFLUENCE
## CAUSING SERIOUS BODILY INJURY
§ 327.35(3)(a)(b)(c)2, Fla. Stat.

**To prove the crime of Boating under the Influence Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:**

1.     (Defendant) **operated a vessel.**

2.     **While operating the vessel,** (defendant)

*Give 2a or 2b or both as applicable.*

    a.     **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

    b.     **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3.     **As a result of operating the vessel,** (defendant) **caused or contributed to causing serious bodily injury to** (victim)**.**

*Give if applicable. § 327.35(4), Fla. Stat.*

**If you find the defendant guilty of Boating under the Influence Causing Serious Bodily Injury, you must also determine whether the State has proven beyond a reasonable doubt whether:**

> a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while operating the vessel.
>
> b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2d DCA 2013).*
**"Vessel" means a boat and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

*§ 327.354(1), Fla. Stat.*
**"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*§ 327.02(30), Fla. Stat.*
**"Operate" means to be in charge of or in command of [or in actual physical control of] a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*§ 322.01(2), Fla. Stat.*
**"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*§ 327.353(1)(b), Fla. Stat.*

**"Serious bodily injury"** means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

*When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by* <u>Give if appropriate.</u> *§ 327.354(2)(a),* <u>and</u> *(2)(b),* *and (2)(c),* *Fla. Stat.*

1.    **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.    **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.  In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

3.    ~~If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.~~

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 327.354(2)(c), Fla. Stat., if the State charged the defendant with boating with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant operated a vessel with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*

**It is a defense to the charge of Boating under the Influence Causing Serious Bodily Injury if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.**

**Lesser Included Offenses**

| BOATING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY — 327.35(3)(a)(b)(c)2. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Boating under the Influence Causing Injury | | 327.35(3)(a)(b)(c)1. | 28.15 |
| Boating under the influence | | 327.35(1) | 28.14 |
| | Attempt | 777.04(1) | 5.1 |
| | Boating under the influence causing property damage | 327.35(3)(a)(b)(c)1. | 28.15 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2012 [87 So. 3d 679], ~~and~~ 2014 [146 So. 3d 1110], and 2016.